IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Delshaun R. Nix,

    Plaintiff,

Case No. 24-cv-01495

v.

ORDER

Michael K, Swarz, *et al.*,

    Defendants.

This is a 42 U.S.C. § 1983 failure to protect case. The Plaintiff, Delshaun Nix, is an inmate at the Toledo Correctional Facility ("TCF"). Plaintiff sues several TCF corrections officers and staff.

Pending is Plaintiff's motion for a temporary restraining order ("TRO"). (Doc. 1, PgID. 35).

For the reasons I explain below, I deny Plaintiff's motion for a TRO.

## Background

Plaintiff brings an eight-count § 1983 complaint against Defendants. Plaintiff argues that each incident where Defendants failed to protect him or subjected him to cruel and unusual punishment violates the Eighth and Fourteenth Amendments. (*See* Doc. 1).

The incidents Plaintiff describes in his complaint are varied.

In count 1, he argues that Defendants failed to protect him against an inmate assault. (*Id*. at PgID. 2-8).

In counts 2 and 3, he alleges that he was able to self-harm while on suicide watch. (*Id*. at PgID. 9-15).

In count 4, he alleges that Defendants denied him his recreation or shower that he was otherwise entitled to. (*Id*. at PgID. 16).

In count 5, he alleges that Defendants' punishment for an infraction was disproportionally cruel. (*Id*. at PgID. 20).

In count 6, he alleges that Defendants placed him in a cell with a squeaky cell door mechanism that disrupted his sleep every thirty minutes for seven months. (*Id*. at PgID. 22).

In count 7, he alleges that he was denied medical care for chest pain and denied permission to use the restroom. (*Id*. at PgID. 26). He also alleges that, while suffering from a medical event, guards tried to forcibly drag him into an isolated shower unit away from cameras. (*Id*. at PgID. 28).

In count 8, Plaintiff alleges that he slipped and fell because of a dangerous condition in his cell. (*Id*. at PgID. 29).

At the end of Plaintiff's complaint, he states:

> I am also requesting a "TRO" from all of the listed defendants to prevent any future confrontations. It should be noted that a temporary restraining order against the defendants will ultimately result in me being moved to another prison that can adequately give me the equal treatment that the level four inmates are receiving here at Toledo Correctional Facility who are "P.C." status.

(Doc. 1, PgID. 35). I liberally construe this to be a request for a TRO.

## Legal Standard

A TRO is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotations and citations omitted).

"The purpose of a TRO is to preserve the status quo until there is a determination on a request for a preliminary injunction." *Hall v. Edgewood Partners Ins. Ctr., Inc.*, No. 3:17-CV-821, 2017 WL 2226588, at *2 (N.D. Ohio May 19, 2017) (citing *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993); 13 *Moore's Federal Practice* § 65.30 (3d ed. 2016).

In deciding whether to grant a TRO, I must consider: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati,* 363 F.3d 427, 432 (6th Cir. 2004).

I need not analyze each factor if the movant fails to meet one of the factors. *See Six Clinics Holding Corp., II v. Cafcomp Sys., Inc.*, 119 F.3d 393, 399 (6th Cir. 1997).

**Discussion**

Presently, there is no basis to grant a TRO.[1]

Though Plaintiff is *pro se*, and I liberally construe his filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), he has only set forth the cursory paragraph included above. His failure to address any of the four elements can only show that he has not met his burden for obtaining a TRO.

Plaintiff fails to meet his burden of explaining what he seeks. Plaintiff has the burden to explain exactly what he seeks other than "to prevent any future confrontations." This fails to explain his likelihood of success on the merits, the irreparable injury that he would suffer if his motion were denied, whether an injunction would cause substantial harm to others, and the public interest in granting his motion. As it stands, Plaintiff leaves it to me to fashion a remedy to prevent a harm—which he does not define.

---

[1] Under Federal Rule of Civil Procedure 65, a "court may issue a temporary restraining order without written or oral notice to the adverse party" if the movant meets certain preconditions. Fed. R. Civ. P. 65(b)(1). Plaintiff has not fulfilled these requirements.
That said, since I am denying Plaintiff's motion for a TRO, I need not address the circumstance on which I could grant a TRO without notice.
Plaintiff served Defendants with the complaint containing the request for TRO. I acknowledge Defendants' disclaimer as to Defendant Branch, contained in footnote one of Defendants' motion to dismiss, that Plaintiff did not serve Branch. (*See* Doc. 7, PgID. 253). Even so, since I am denying the TRO, this issue need not be discussed.

Nor is it clear that the temporary relief he seeks would maintain the status quo. This is what TROs are designed to address. *See Hall, supra*, 2017 WL 2226588, at *2.

Instead, it appears that Plaintiff seeks a transfer out of TCF. This also appears to be part of the equitable relief he seeks, along with damages, for the allegations he makes in the complaint.

The extent to which Plaintiff may be entitled to such equitable relief is something I will address when I reach the adequacy of pleading and merits stages of the case.

Plaintiff has also purported to move for a preliminary injunction (*see* Doc. 1, PgID. 34-35). I will address the merits of this request after full briefing.

I order Defendants to respond to Plaintiff's motion for preliminary injunction no later than January 17, 2025. Plaintiff may reply on or before February 14, 2025.

## Conclusion

It is, therefore,

ORDERED THAT:

Plaintiff's motion for a TRO (Doc. 1) be, and the same hereby is, denied.

SO ORDERED.

/s/ James G. Carr
Sr. U.S. District Judge

4